**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| MICHAEL ALEXANDER,<br>    Plaintiff,<br><br>              v.<br><br>OFFICER J. LENCREROT and YAMILEE<br>JEAN-PHILIPPE,<br>    Defendants. | Civil Action No.<br>1:21-cv-04846-SDG |

**OPINION AND ORDER**

This matter is before the Court on motions to dismiss the original Complaint by Defendant Yamilee Jean-Philippe [ECF 3] and Defendant Jasiah Lencrerot [ECF 5], and Jean-Phillipe's motion to dismiss the First Amended Complaint (FAC) [ECF 12]. For the following reasons, the Court **GRANTS** Jean-Philippe's motion to dismiss the FAC. Defendants' motions to dismiss the original Complaint are **DENIED as MOOT.**

**I.   Background**

The Court accepts the well-pled factual allegations in the FAC as true for purposes of this Order. *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1274 (11th Cir. 1999). On May 20, 2019, Plaintiff Michael Alexander was in Fulton County, Georgia State Court attending to a matter that required him to appear as a

witness.[1] That day, Lencrerot, an officer with the Atlanta Police Department, was also at the courthouse to appear as a "witness or arresting officer" in a separate matter.[2] Jean-Philippe, a Sheriff's Deputy, was working as a security officer in the courtroom in which Alexander and Lencrerot were scheduled to testify.[3]

Inside the courtroom, Jean-Philippe announced the courthouse phone etiquette protocol. Alexander took issue with the policy against cell phones in the courtroom, as his girlfriend had recently given birth.[4] Jean-Philippe eventually asked Alexander to leave the courtroom, and both Alexander and Lencrerot exited.[5] Outside the courtroom, Lencrerot approached Alexander, and "stood in Mr. Alexander's face and proceeded to poke his finger in Mr. Alexander's face."[6] This antagonized Alexander.[7] Alexander describes this as an "assault and battery" against him.[8] Alexander responded by "react[ing] in a like kind manner" when

---

[1]   ECF 9, ¶ 5.

[2]   *Id.*

[3]   *Id.*

[4]   *Id.*

[5]   *Id.*

[6]   *Id.*

[7]   *Id.*

[8]   *Id.*

Lencrerot put his hand in Alexander's face.[9] Lencrerot responded by immediately slamming Alexander on the floor in a violent manner and placing him under arrest.[10] Jean-Philippe observed the altercation and ultimately completed the arrest. [11]

Lencrerot's initial seizure of Alexander occurred without a warrant. Jean-Philippe then prepared an incident report and procured a warrant.[12] Alexander claims Jean-Philippe falsely stated in the incident report that he had refused to follow a lawful order.[13] Eventually, Alexander was charged with two counts of obstruction of a police officer and one count of disorderly conduct.[14]

On June 28, 2021, over two years after his arrest, Alexander filed this lawsuit in the Superior Court of Fulton County.[15] On November 24, Jean-Philippe

---

[9]  *Id.*

[10] *Id.*

[11] *Id.*

[12] *Id.*

[13] *Id.*

[14] *Id.*

[15] ECF 1-1, at 16. No party has raised the applicable statute of limitations as a defense to any of Alexander's claims, so that argument is deemed waived. *R&R Int'l Consulting LLC v. Banco do Brasil, S.A.*, 981 F.3d 1239, 1245 (11th Cir. 2020) (citing *John R. Sand & Gravel Co. v. United States*, 552 U.S. 130, 133 (2008); Fed. R. Civ. P. 8(c)(1)) ("[T]he statute of limitations is an affirmative defense that can be forfeited or waived.").

removed the case.[16] On December 2, Jean-Phillipe filed her first motion to dismiss.[17] On December 7, Lencrerot filed a general denial of the allegations against him and request to dismiss the case.[18] Then, on December 22, Alexander filed the FAC.[19] Accordingly, the motions to dismiss the original Complaint are **DENIED as moot**.[20] *Dresdner Bank AG v. M/V Olympia Voyager*, 463 F.3d 1210, 1215 (11th Cir. 2006) ("[T]he original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary.") (citing *Proctor*

---

[16] ECF 1. Despite Jean-Philippe's contention that there is no Officer Lencrerot who could be properly served (and who therefore did not need to consent to removal for purposes of the rule of unanimity), this is belied by the proof of service on Officer J. Lencrerot, ECF 1-1, at 30, and Lencrerot's response to the Complaint, ECF 5. The Notice of Removal is therefore procedurally defective since all Defendants did not join it. By failing to oppose removal, however, Alexander has waived any objection to that defect. *Johnson v. Helmerich & Payne, Inc.*, 892 F.2d 422, 423 (5th Cir. 1990) (failure of all defendants to join in a removal petition is not a jurisdictional defect and may be waived); *Underhill v. Bank of Am., N.A.*, No. 1:13-CV-2614-TWT, 2014 WL 587868, at *7 n.2 (N.D. Ga. Feb. 14, 2014) ("[W]hen a plaintiff fails to file a motion to remand within thirty days of removal and cite to a procedural defect such as untimeliness or lack of unanimity, [ ]he thereby waives the right to challenge that non-jurisdictional defect in the removal procedure.").

[17] ECF 3.

[18] ECF 5.

[19] ECF 9. The FAC purports to incorporate by reference the original Complaint. *Id.* at 1.

[20] ECF 3; ECF 5.

*& Gamble Def. Corp. v. Bean,* 146 F.2d 598, 601 n.7 (5th Cir. 1945)). On January 5, Jean-Phillipe moved to dismiss the FAC pursuant to Rule 12(b)(6).[21]

## II.     Legal Standard

Rule 8(a)(2) requires a pleading to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." While this standard does not require "detailed factual allegations," the Supreme Court has held that "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To withstand a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must [ ] contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1289 (11th Cir. 2010) (quoting *Twombly*, 550 U.S. at 570).

A complaint is facially plausible when a plaintiff pleads sufficient factual content for the court to draw the reasonable inference that the defendant is liable for the conduct alleged. *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer

---

[21]    ECF 12.

possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. A complaint must also present sufficient facts to "'raise a reasonable expectation that discovery will reveal evidence' of the claim." *Am. Dental Ass'n*, 605 F.3d at 1289 (quoting *Twombly*, 550 U.S. at 556).

### III. Discussion

Alexander inartfully alleges as many as four causes of action—two federal law claims, and two state law claims. First, he appears to assert claims for false arrest against Jean-Phillipe and Lencrerot.[22] Although not specified in Alexander's pleadings, such claims would arise under 42 U.S.C. § 1983. Second, Alexander asserts claims for assault and for battery under Georgia law against Lencrerot.[23]

In her motion to dismiss, Jean-Philippe argues that Alexander does not state a claim for false arrest, which should have been pled as malicious prosecution in any event.[24] Jean-Philippe also asserts that qualified immunity bars all claims against her because she had arguable probable cause to arrest Alexander.[25] For his part, Lencrerot acting *pro se*, filed a response to the original Complaint that the

---

[22] ECF 9, ¶¶ 9–10.

[23] *Id.* ¶ 8.

[24] ECF 12-1, at 5–14.

[25] *Id.*

Court construes as a general denial.[26] Lencrerot did not respond to the FAC. However, it does not appear from the record that the FAC was actually served on Lencrerot. The certificate of service indicates that the FAC was served only on counsel of record for Jean-Phillipe.[27] As a result, the Court does not treat Lencrerot's lack of response to the FAC as a default.

### A. Alexander's Section 1983 Claims Must Be Dismissed.

#### 1. Alexander's Claims Were Improperly Pled.

Alexander alleges that Jean-Philippe and Lencrerot violated his Fourth Amendment rights by falsely arresting him.[28] As Jean-Philippe argues in her motion to dismiss, Alexander's Section 1983 cause of action should have been pled as malicious prosecution, not false arrest.[29]

---

[26] ECF 5.

Pleadings filed *pro se* are to be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (cleaned up). And a defendant may use a general denial if he intends to challenge every allegation in a complaint, which it appears Lencrerot intended to do here. *Dlamini v. Babb*, No. 1:13-CV-2699-WSD, 2014 WL 2808220, at *3 (N.D. Ga. June 20, 2014) (citing Fed. R. Civ. P. 8(b)(3)).

[27] ECF 9, at 7.

[28] *Id.* ¶¶ 9–10.

[29] ECF 12-1, at 5–6.

A claim for false arrest is ordinarily actionable when a warrantless arrest occurs, but an illegal arrest pursuant to a warrant implicates the tort of malicious prosecution. *Giles v. Manser*, 757 F. App'x 891, 895 (11th Cir. 2018) (citing *Whiting v. Traylor*, 85 F.3d 581, 585 (11th Cir. 1996)) ("[T]he issuance of a warrant constitutes legal process, and so a plaintiff who claims false arrest pursuant to a warrant is making a claim of malicious prosecution rather than false arrest."). Likewise, where a prosecution ensues after a warrantless arrest, malicious prosecution is the appropriate Section 1983 analogue claim—even if the arrest warrant was procured later, as in this case. *Lagroon v. Lawson*, 328 Ga. App. 614, 620–21 (2014) (citing *Garner v. Heilig–Meyers Furniture Co.*, 240 Ga. App. 780, 781–82 (1999)) ("[T]he remedy of the accused depends on whether or not he is actually prosecuted under the warrant. . . . [I]f the action is carried to a prosecution, an action for malicious prosecution is the exclusive remedy, and an action for [false] arrest will not lie."). Alexander therefore failed to state a claim for false arrest. But even if the Court treats Alexander's claims as ones for malicious prosecution, his federal claims still fail.

### 2. Alexander Fails to Allege a Lack of Probable Cause.

The existence of probable cause bars claims for both malicious prosecution and false arrest. *See generally Williams v. Aguirre*, 965 F.3d 1147, 1157 (11th Cir. 2020)

(indicating probable cause is necessary to establish a Section 1983 malicious prosecution claim); *Ortega v. Christian*, 85 F.3d 1521, 1525 (11th Cir. 1996) ("An arrest made with probable cause [ ] constitutes an absolute bar to a section 1983 action for false arrest.") (citation omitted). Jean-Philippe contends that the FAC does not plausibly plead that she lacked probable cause to arrest Alexander.[30]

Probable cause exists if "the facts and circumstances within the officer's knowledge, of which he or she has reasonably trustworthy information, would cause a prudent person to believe, under the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense." *Rankin v. Evans*, 133 F.3d 1425, 1435 (11th Cir. 1998) (addressing false arrest). "Probable cause does not require overwhelmingly convincing evidence, but only 'reasonably trustworthy information.'" *Ortega*, 85 F.3d at 1525 (same) (quoting *Marx v. Gumbinner*, 905 F.2d 1503, 1506 (11th Cir. 1990)). For malicious prosecution, Alexander would have to plead facts showing "(1) that the legal process justifying his seizure was constitutionally infirm and (2) that his seizure would not otherwise be justified without legal process." *Williams*, 965 F.3d at 1165.

---

30   ECF 12-1, at 7–9.

Taking the well-pled allegations in the FAC as true, Alexander admits to a physical altercation with Lencrerot: "When [ ] Lencrerot put his hand in [Alexander's] face, [Alexander] attempted to react in a like kind manner."[31] It is also undisputed that Jean-Philippe witnessed this altercation, which was also recorded on video.[32] Even disregarding the allegedly false statement that he refused to follow a lawful order, the FAC demonstrates that there was probable cause to arrest Alexander. The probable cause inquiry does not require the commission of a crime, only information that causes "a person of reasonable caution to believe that a criminal offense has been or is being committed." *Gates v. Khokhar*, 884 F.3d 1290, 1298 (11th Cir. 2018) (false arrest claim). Given these facts and the applicable standard, a person of reasonable caution would rightfully have believed that Alexander committed a criminal offense in his altercation with Lencrerot. Alexander has not plausibly alleged that there was no probable cause to arrest him or any constitutional defect in the process used to seize him. Considering what Alexander freely admits, the facts as pled also do not support Alexander's conclusory statement that Jean-Philippe should have known her warrant application failed to establish probable cause—let alone that she

---

31   *Id.*

32   *Id.* ECF 15 (video of altercation between Alexander and Lencrerot).

intentionally or recklessly misstated or omitted information about the altercation to procure a warrant. *Williams*, 965 F.3d at 1165 (malicious prosecution). Indeed, Alexander admits that he disputed the courtroom cellphone policy, he was asked to leave the courtroom, he had an argument with Lencrerot, and the altercation became physical. Accordingly, Alexander has not stated a claim for false arrest or malicious prosecution. Moreover, a malicious prosecution claim requires that the prosecution terminated in the plaintiff's favor. Such allegations are lacking in the FAC. *Williams*, 965 F.3d at 1157.

Though only Jean-Philippe expressly moved to dismiss the Section 1983 claim against her, this federal claim must also be dismissed as to Lencrerot because it is "integrally related" to Alexander's claim against Jean-Philippe. *Loman Dev. Co. v. Daytona Hotel & Motel Suppliers, Inc.*, 817 F.2d 1533, 1537 (11th Cir. 1987) ("A District Court may properly on its own motion dismiss an action as to defendants who have not moved to dismiss where such defendants are in a position similar to that of moving defendants or where claims against such defendants are integrally related."). Therefore, Alexander's federal claims are **DISMISSED** and Jean-Philippe's motion to dismiss the FAC is **GRANTED**.

### B.     Alexander's State Law Causes of Action Against Lencrerot

In general, "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Alexander's assault and battery claims against Lencrerot are based on the same allegations as his now-dismissed federal Section 1983 claims, so the Court could exercise supplemental jurisdiction over them. However, "[s]upplemental jurisdiction is discretionary, and a court may exercise its discretion to dismiss or retain state claims after dismissing claims subject to its original jurisdiction under 28 U.S.C. § 1367(c)(3)." Because Alexander will have the opportunity to try to replead his federal claims, the Court will defer determining whether Alexander's state-law claims should be remanded.

### IV.   Conclusion

The motions to dismiss the original Complaint [ECF 3; ECF 5] are **DENIED AS MOOT**. Jean-Philippe's motion to dismiss the FAC [ECF 12] is **GRANTED,** and Alexander's federal claims against both Jean-Philippe and Lencrerot are **DISMISSED**. Alexander may file a second amended complaint within 14 days after entry of this Order that attempts to replead his claims consistent with this

Order. The Clerk is **DIRECTED** to resubmit this Order to the Court in 14 days. The Clerk is further **DIRECTED** to mail a copy of this Order to Lencrerot at the address identified in his December 7, 2021 filing [ECF 5].

**SO ORDERED** this 30th day of September, 2022.

                                                    Steven D. Grimberg
                                                    United States District Court Judge